UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALLISON REUTER,

    Plaintiff,                                            HON.

v.

                                                              DOCKET NO.

HOPE NETWORK and PHIL WEAVER,
Individually and Personally,

    Defendants.
_____/

Katherine Smith Kennedy (P54881)
Pinsky, Smith, Fayette & Kennedy, LLP
Attorneys for Plaintiff
805 McKay Tower
146 Monroe Center Street NW
Grand Rapids, MI 49503
kskennedy@psfklaw.com
(616) 451-8496
_____

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through her attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, hereby represents:

                        A.    NATURE OF PROCEEDINGS

1.    Plaintiff was an employee of Defendants Hope Network and Phil Weaver (hereafter referred to as "HN" and "Weaver"), and brings this action to recover unpaid wages, liquidated damages, and attorney's fees and

costs under §16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b), and referred to hereinafter as "the Act" or "FLSA."

2. Plaintiff Reuter also brings an action under the Elliot Larsen Civil Rights Act for Defendants' discriminatory pay practices.

B. JURISDICTION

3. Jurisdiction of this action is based on §16(b) of the Act (29 U.S.C. §216(b) and 28 U.S.C. §1337).

4. The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1331.

5. Venue is proper within this judicial district under 28 U.S.C. §1391(b) and 28 U.S.C. §1392(a).

C. PARTIES

6. Plaintiff Allison Reuter was an employee of Defendants Hope Network and Phil Weaver. Plaintiff resides within the Western District of Michigan.

7. Defendant Phil Weaver is the President and CEO of Defendant Hope Network and was at all material times of this Complaint an employer pursuant to the provisions of 29 U.S.C. §203(d), and was a decision maker regarding the pay, duties and hours of the Plaintiff.

8. Defendant Hope Network was at all relevant times an employer pursuant to the provisions of 29 U.S.C. §203(d) and (e).

## D. CAUSE OF ACTION

### Background Facts

9. Plaintiff incorporates paragraphs 1 - 8 as though set forth herein.

10. Plaintiff was hired as General Counsel of Hope Network in January of 2008. At the time of hire she had 10 years of experience with two prestigious law firms, Varnum Riddering in Grand Rapids and Nemeth Burwell in Detroit. (See attached resume, Exhibit A.)

11. As General Counsel, she had duties and responsibilities in the following areas: Managed and led the Legal Department; Actively managed legal issues to minimize risk and costs to the organization, including overseeing litigation, corporate compliance, employment decisions, and labor relations; Provide direct legal services to Hope Network and its more than twenty affiliate corporate entities, including but not limited to drafting and reviewing general business contracts, providing legal and regulatory advice and expertise on business issues, compliance activities, corporate policies,

employee matters, labor negotiations, risk management, real estate issues, mergers and acquisitions, and insurance matters; Represented the organization in court and administrative proceedings; Served as Secretary of the board for all Hope Network affiliates; Provided legal advice and recommendations in the areas of employment law (Title VII, ADA, ADEA, FMLA, NLRA, FLSA, OFCCP, WARN), labor law, corporate law, corporate governance, contract law, copyright law, and real estate law; Retained and supervised outside counsel to meet the strategic objectives of the organization; Partnered with Talent Management by providing successful supervisory coaching and development, training, and advising on hiring, discipline, termination, restructure, and reduction-in-force decisions; Participated in senior management policy deliberations; Led and managed business continuity planning for the corporate offices; Directed the defense of the organization against suits or claims and prepare prosecution of the organization's claims against others and developed an managed a budget maintaining legal fees at less than .25% of revenue.

12.   When she was hired she was offered a salary of $100,000. (See offer letter Exhibit B). Plaintiff Reuter performed her duties as General Counsel very earnestly and very well. She reported to the CEO Defendant

Weaver for the first year of her work, and in 2009 she began to report to the Chief Administrative Officer, Dan Holbert.  Mr. Holbert praised her work, and provided excellent evaluations of her work.

13.     In 2012, she began to delve more into healthcare compliance issues and Medicare billing issues. She took it upon herself to become certified in Health Care Compliance (CHC) and began cover to duties of a Chief Compliance Officer.

14.     In August of 2012, Rich Fabbrini was hired as Chief Financial officer and became Plaintiff's supervisor. Mr. Fabbrini praised Plaintiff for her performance though did not perform evaluations on Plaintiff Reuter despite her pleas to do so.

15.     In April of 2013, Plaintiff developed a written business plan to centralize Compliance and to be named as Chief Compliance Officer along with her General Counsel title in exchange for a raise.  Plaintiff believed she was underpaid for all of the duties and responsibilities she was handling as HN's General Counsel.  She submitted such plan to Dan Holbert, Chief Operations Officer.   She never received a response.

16.     Plaintiff became aware that members of the executive team were receiving significantly higher bonuses than she was receiving as

General Counsel.  In 2014, her bonus was 4.9% and upon information and belief, executive positions were receiving more than 25% bonuses up to 40% bonuses.

17.   Though Plaintiff Reuter attended and participated in Board Meetings as General Counsel, toward the end of her employment with HN, she was intentionally not invited to Board meetings including the Board Retreat at the end of 2014.

18.   Because of the pay issues and believing she was being pushed out of her position, Plaintiff resigned her position in January of 2015.  Her final salary after seven years of service, and seventeen years being a practicing attorney, was $113,000.

19.   Upon information and belief, while searching for a replacement for General Counsel, HN hired a number of attorneys from Miller Johnson and paid them over $350 per hour to perform the work that Plaintiff Reuter had performed.

20.   In January of 2016, HN hired Christopher Stemler to replace Plaintiff Reuter as General counsel. Upon information and belief, Mr. Stemler was hired at a salary of $150,000. Mr. Stemler had seven years less

experience than Plaintiff, did not have the prestigious work experience Plaintiff had, and did not possess a license to practice law in Michigan. Hence, HN has shifted some General Counsel duties to other employees and has hired additional legal help to cover for this void.

## COUNT I

## FLSA – EQUAL PAY ACT CLAIM

Plaintiff incorporates paragraphs 1 – 21 as though set forth herein.

21. Defendant HN is engaged in interstate commerce as their employees work with materials, goods and equipment that have been moved in or produced by persons for commerce. In performing the operations and working with materials, goods and equipment from out of state, Plaintiff was engaged in commerce within the meaning of the FLSA (29 USC §203(b)(i)(j), §206 (a) and 207(a)).

22. Defendants failed to pay Plaintiff the same wage her successor male employee in the position of General Counsel. Plaintiff was paid significantly less than her male successor who had less experience, fewer skills and was not licensed in the State of Michigan and hired in at a significantly higher rate of pay than Plaintiff ever made during her tenure with Defendant. (29 USC §206(d)(1)).

23. Because Defendants' violation of the Act was not in good faith within the meaning of §11 of the Portal to Portal Act (29 U.S.C. §260),

Plaintiff is entitled to liquidated (double) damages under §16(b) of the Act (29 U.S.C. §216(b)).

24. Defendants acted willfully in failing to pay Plaintiff, a female, the same as a male employee in similar positions, and violated the equal pay standard with a reckless disregard for the law in paying her less experienced male successor significantly more than her.

## COUNT II

### DISCRIMINATION UNDER MICHIGAN ELLIOT LARSON CIVIL RIGHTS ACT

25. Plaintiff incorporates paragraphs 1 - 24 as though set forth herein.

26. Defendants by their conduct in paying Plaintiff a female lawyer less than her successor, a male lawyer, violated Michigan Elliot Larson Civil Rights Act, specifically MCLA 37.2202, in that they discriminated against Plaintiff because of her gender. Such discrimination was willful.

27. Plaintiff seeks legal and equitable relief regarding depravation of certain rights as secured by Michigan Elliot Larson Civil Rights Act of 1976 as amended, specifically MCLA 37.2202, and 37.2701.

28. As a result of the foregoing, Plaintiff lost significant earnings and benefits for which Defendant is liable.

## RELIEF

WHEREFORE, Plaintiff requests:

a. Judgment against Defendants in the amount due for wages, overtime compensation and liquidated damages;

b. Award to Plaintiff for costs and reasonable attorney fees under the provisions of the Fair Labor Standards Act of 1938 as amended; and

c. Award to Plaintiff for losses sustain due to the discrimination including punitive damages;

d. Award to Plaintiff of such other relief as the Court deems appropriate, including interest from the date of the complaint, attorney's fees, and costs, and all other damages due to her.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

Dated: October 19, 2016     By  /s/ Katherine Smith Kennedy
Katherine Smith Kennedy
146 Monroe Center St NW, Suite 805
Grand Rapids, MI 49503
(616) 451-8496

# JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys, Pinsky, Smith, Fayette & Kennedy, LLP and hereby demands a trial by jury of the entitled matter.

                                      PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                      Attorneys for Plaintiff

Dated:  October 19, 2015      By /s/ Katherine Smith Kennedy
                                      Katherine Smith Kennedy
                                      146 Monroe Center St NW, Suite 805
                                      Grand Rapids, MI  49503
                                      (616) 451-8496